IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| OCHOA BROTHERS ) | Case No. 3:23-bk-00095 |
| CONSTRUCTION, LLC, ) | Chapter 7 |
|     Debtor. ) | Judge Walker |
| ) | |
| JEANNE ANN BURTON, TRUSTEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. _____ |
| ) | |
| AARON OCHOA and 78 ) | |
| CONTRACTORS, LLC, ) | |
|     Defendants. ) | |

## **COMPLAINT**

Jeanne Ann Burton, the Trustee in the above-captioned case, files this action against the above-named Defendants, for preferential transfers, fraudulent transfers, unauthorized post-petition transfers, successor liability/alter ego, and related relief, and would further state:

## PARTIES

1. Plaintiff Jeanne Ann Burton (the "Trustee") is the duly appointed Chapter 7 Trustee of the estate of Ochoa Brothers Construction, LLC (the "Debtor"). The Trustee brings this Complaint in her capacity as trustee, on behalf of the Debtor, for its claims against Defendants.

2. Defendant Aaron Ochoa ("Ochoa") is, upon information and belief, a resident of Davidson County, Tennessee and may be served with process at 6678 Clearbrook Drive, Nashville, Tennessee 37205.

3. Defendant 78 Contractors, LLC ("78 Contractors") is, upon information and belief, a limited liability company organized under the laws of Tennessee and may be served with process upon its registered agent, Aaron Ochoa, at 1313 Dickerson Pike, Nashville, Tennessee 37207.

## JURISDICTION AND VENUE

4. This Court has jurisdiction in the matter pursuant to 28 U.S.C. § 157(b).

5. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7. The statutory predicate for the relief sought herein includes, but is not limited to, 11 U.S.C. §§ 541, 544, 547, 548, 549, 550 and 551, Rule 7001 of the Federal Rules of Bankruptcy Procedure, and T.C.A. §§ 66-3-101 *et seq.* and 66-3-301 *et seq.*

## BACKGROUND

8. Upon information and belief, the Debtor was a company specializing in construction and remodeling projects. One hundred percent of the Debtor's membership interests were owned by Defendant Aaron Ochoa.

9. On or about August 11, 2022, Paul Korhnak and Ann Korhnak (the "Korhnaks") were granted a judgment by the Davidson County Chancery Court against the Debtor in the amount of $258,285.74.

10. On November 29, 2022, Aaron Ochoa formed 78 Contractors, LLC. According to the Tennessee Secretary of State, 78 Contractors, LLC has two members and Aaron Ochoa serves as its registered agent. However, Aaron Ochoa has represented to the State of Tennessee that he is the sole member of 78 Contractors, LLC.

11. On or about January 9, 2023, the Korhnaks garnished a Truist bank account belonging to the Debtor.

12. The Debtor filed a voluntary Chapter 7 petition with this Court on January 13, 2023 (the "Petition Date").

13. Prior to the Petition Date, the Debtor sold substantially all of its hard assets to its principal, Defendant Aaron Ochoa. It sold a Ford Silverado F-2500 HD to Ochoa for $10,974.00, and sold substantially all of its construction tools to Ochoa for $14,905.00, on January 11, 2023 (two days after the Korhnaks' garnishment, and two days prior to the Petition Date). The source of the funds paid by Ochoa to the Debtor is unclear.

14. In the one year prior to the Petition Date, the Debtor also transferred at least $204,230.07 (the "Ochoa Transfers") directly to Aaron Ochoa. A listing of those transfers is attached hereto as <u>Exhibit 1.</u>

15. In the one year prior to the Petition Date, the Debtor made checks payable to "Ochoa Brothers Construction, LLC" totaling $214,895.96 (the "Company Transfers"). A listing of those transfers is attached hereto as <u>Exhibit 2</u>. Upon information and belief, the funds from the Company Transfers were cashed by Aaron Ochoa. While Ochoa alleges that he used these funds to pay subcontractors in cash, he has been able to produce no records of those payments.

16. The Trustee has conducted reasonable due diligence given the circumstances of this case and has taken into account the Defendants' known and/or reasonably knowable affirmative defenses. Based upon that due diligence, and upon information and belief, the Ochoa Transfers and Company transfers were:

    a.    transfers of an interest of property of the Debtor;

    b.    were made to or for the benefit of Defendant Aaron Ochoa;

c. were made on account of an antecedent debt owed by the Debtor before such transfers were made;

d. were made while the Debtor was insolvent or presumed insolvent; and

e. enabled Defendant Ochoa to receive more than Defendant Ochoa would have received if (i) this Case were a case under chapter 7 of the Bankruptcy Code, (ii) the Ochoa Transfers and Company Transfers had not been made, and (iii) Defendant Ochoa received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

17. Alternatively, the Ochoa Transfers and the Company Transfers were made to Aaron Ochoa in exchange for less than reasonably equivalent value, at a time when the Debtor was insolvent or unable to pay its debts as they came due, and were made in an attempt to hinder, delay, or defraud creditors.

18. Subsequent to the Petition Date, and without approval from this Court or from the Trustee, the Debtor satisfied substantially all of its trade debts except the debt to the Kohrnaks. More specifically, bank records show that the Debtor paid $59,381.41 (the "Post-Petition Transfers") to insiders and other trade creditors from January 13, 2023, through January 30, 2023.

19. Of the Post-Petition Transfers, $10,264.47 were made directly to Aaron Ochoa, and $25,958.13 were checks made payable to "Ochoa Brothers Construction, LLC". Upon information and belief, these checks were cashed by Aaron Ochoa.

20. Upon information and belief, these payments were made at the direction of Defendant Aaron Ochoa and were made to creditors and vendors who continued to do business with Defendant 78 Contractors, which was also owned in whole or in part by Aaron Ochoa.

21. Not only did the Debtor pay debts for vendors that continued providing services to Defendant 78 Contractors, Defendant 78 Contractors also assumed the unfinished construction contracts between the Debtor and its customers. Upon information and belief, Defendant 78 Contractors gave the Debtor no consideration for these contracts, yet it collected funds pursuant to the construction contracts.

22. On or about April 25, 2023, approximately three months after the Petition Date, Defendant Aaron Ochoa filed an "Application for Name Change" (the "Application") on behalf of the Debtor with the State of Tennessee. Pursuant to the Application, Aaron Ochoa, as the "Qualifying Agent" of the Debtor, swore the following facts under penalty of perjury in furtherance of transferring the Debtor's contractor's license to 78 Contractors, LLC: (1) that he was the 100% owner of the Debtor; (2) that he was the 100% owner of 78 Contractors, LLC; (3) that 78 Contractors, LLC had only 1 employee; (4) that no bankruptcy had been filed within the preceding seven years by any officer, owner, or partner of 78 Contractors, LLC; and (5) that the Application was for a name change of an existing business.

23. Simultaneously with the filing of the Application (but dated March 31, 2023), Aaron Ochoa delivered to the State of Tennessee a financial statement for the Debtor that alleged that the Debtor had $45,371.00 in cash, $211,051 in uncollected accounts receivable, $150,000 in depreciable assets, $1,200,000 in buildings, $14,512.00 in tools, and $90,102.00 in vehicles. That financial statement listed only $50,401.00 in debts. This financial statement, which was produced approximately two months after the Petition Date, is inconsistent with the Debtor's schedules and inconsistent with the assets discovered by the Trustee.

24. At the time of the filing of the Application and production of the financial statement, the Debtor was in bankruptcy and Aaron Ochoa had no authority to file the Application,

or conduct any business, on behalf of the Debtor. Only the Trustee had authority to conduct business on behalf of the Debtor at that time.

25. Upon information and belief, since the Petition Date, 78 Contractors, LLC has continued the same business of the Debtor (construction), worked on some of the same contracts as those signed by the Debtor, operated from the same location, with the same or substantially similar ownership structure, with the same or substantially similar employees, utilized the same or substantially similar vendors and contract labor, utilized the same website, and used the same telephone numbers and email addresses.

## FIRST CLAIM FOR RELIEF

(Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §547)

(As to Defendant Ochoa)

26. The Trustee incorporates and restates by reference all preceding paragraphs of this Complaint.

27. The Ochoa Transfers and Company Transfers are avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and the Trustee may recover from Defendant Ochoa the value of the Ochoa Transfers and Company Transfers pursuant to an order of this Court and section 550 of the Bankruptcy Code.

28. Pursuant to 11 U.S.C. §§ 550 and 551, the Trustee is entitled to recover back the avoided property or the value thereof, which totals $419,126.03, and such avoidances are recovered for the benefit of the estate. The Trustee is further entitled to recover pre- and post-judgment interest, attorneys' fees, and the costs of this action.

## SECOND CLAIM FOR RELIEF

(State Law Fraudulent Transfer)

(As to Defendant Ochoa)

29. The Trustee incorporates and restates by reference all preceding paragraphs of this Complaint.

30. Through the Ochoa Transfers and the Company Transfers, Aaron Ochoa took property of the Debtor in an attempt to hinder, delay and defraud creditors of the Debtor.

31. Aaron Ochoa received the Ochoa Transfers and the Company Transfers without giving reasonably equivalent value, and such transfers caused or were during the insolvency of the Debtor, rendered the Debtor insolvent or unable to pay its debts when due, or were taken when the Debtor was engaged in or about to be engaged in transactions for which the Debtor had unreasonably small capital.

32. The Trustee, on behalf of the Debtor, is entitled to avoid, and recover back, all such fraudulent transfers, pursuant to, among other things, Tennessee's law against fraudulent conveyances, T.C.A. § 66-3-101, *et seq.*, and Tennessee's codification of the Uniform Fraudulent Transfers Act, T.C.A. § 66-3-301, *et seq.*, which include strong-arm provisions of the Trustee pursuant to 11 U.S.C. § 544(b). The Trustee is further entitled to damages in an amount equal to the total of the Ochoa Transfers and the Company Transfers, $419,126.03, plus pre- and post-judgment interest, attorneys' fees and the costs of this action.

## THIRD CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §548)

(As to Defendant Ochoa)

33. The Trustee incorporates and restates by reference all preceding paragraphs of this Complaint.

34. Through the Ochoa Transfers and the Company Transfers, Aaron Ochoa took property of the Debtor in an attempt to hinder, delay and defraud creditors of the Debtor.

35. Aaron Ochoa received the Ochoa Transfers and the Company Transfers without giving reasonably equivalent value, and such transfers caused or were during the insolvency of the Debtor, rendered the Debtor insolvent or unable to pay its debts when due, or were taken when the Debtor was engaged in or about to be engaged in transactions for which the Debtor had unreasonably small capital.

36. At all relevant times, creditors of the Debtor existed who had the right to assert a claim for fraudulent transfer or avoidance based on such transfers.

37. The fraudulent transfers consisted of the value of the Ochoa Transfers and the Company Transfers, Aaron Ochoa received such transfers as an initial, mediate, or intermediate transferee.

38. The Trustee is entitled to avoid, and recover back, on behalf of the Debtor, all such fraudulent transfers, pursuant to, among other things, the United States Bankruptcy Code's Section prohibiting fraudulent transfers, 11 U.S.C. § 548.

39. Pursuant to 11 U.S.C. §§ 550 and 551, the Trustee is entitled to recover back the avoided property or the value thereof, $419,126.03, and such avoidances are recovered for the

benefit of the estate. The Trustee is further entitled to recover pre- and post-judgment interest, attorneys' fees, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

(Avoidance and Recovery of Unauthorized Post-Petition Transfers Pursuant to 11 U.S.C. §549)

(As to Defendant Ochoa)

40. The Trustee incorporates and restates by reference all preceding paragraphs of this Complaint.

41. Aaron Ochoa caused the Debtor to transfer $10,264.47 directly to him subsequent to the Petition Date, and $25,958.13 to him through checks made payable to the Debtor, but that were cashed by Ochoa. This resulted in $36,222.60 (the "549 Transfers") being transferred to Aaron Ochoa, subsequent to the Petition Date.

42. The 549 Transfers were property of the Estate.

43. The 549 Transfers were not permitted by any provision of the Bankruptcy Code and were not authorized by any order of this Court.

44. Defendant Ochoa received the benefit of the 549 Transfers without any consideration to or for the benefit of this estate.

45. The Trustee is entitled to avoid the 549 Transfers and recover their value, $36,222.60, from Defendant Ochoa pursuant to 11 U.S.C. § 549.

46. Pursuant to 11 U.S.C. §§ 550 and 551, the Trustee is entitled to recover back the avoided property, i.e., the 549 Transfers, or the value thereof from Defendant Ochoa, and such avoidances are recovered for the benefit of this estate. The Trustee is further entitled to recover pre- and post-judgment interest, attorneys' fees, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

(Successor Liability and Alter Ego)

(As to Defendant 78 Contractors)

47. The Trustee incorporates and restates by reference all preceding paragraphs of this Complaint.

48. The Debtor and 78 Contractors are one and the same entity, and 78 Contractors is a mere continuation of the Debtor. Many of the clients, vendors, and subcontractors of the Debtor are the same or are substantially similar to the clients, vendors, and subcontractors of 78 Contractors. Aaron Ochoa held 100% of the membership interests of Debtor, and he represented to the State of Tennessee that he is also the 100% owner of the membership interests of 78 Contractors.

49. Upon information and belief, 78 Contractors is utilizing the same, or substantially similar, assets of the Debtor to provide the same services, namely construction services.

50. As outlined in *RXAR Co., LLC v. Rheumatology Assoc., P.A.,* the United States District Court for the Middle District of Tennessee (citing Tennessee law), stated that a successor entity is a mere continuation if;

> 1) The predecessor "transferred its assets" to the successor, 2) the successor company "pays less than adequate consideration for the assets", 3) the successor company continues the predecessor's business, 4) both companies "share one common officer who was instrumental in the transfer", and 5) the predecessor company "is left incapable of paying its creditors."

*RXAR Co., LLC v. Rheumatology Assoc., P.A.,* 2017 U.S. Dist. LEXIS 64354 (M.D. Tenn. 2017).

51. 78 Contractors occupies the same real estate as the Debtor, utilizes the same equipment as the Debtor, employs the same or substantially similar employees, utilizes the same website, and utilizes some of the same telephone numbers and email addresses as the Debtor.

10
Case 3:24-ap-90116    Doc 1    Filed 08/28/24    Entered 08/28/24 09:42:51    Desc Main
Document    Page 10 of 16

52. Unfinished contracts and intellectual property of the Debtor were transferred to 78 Contractors, yet no funds were transferred to the Debtor as compensation for the transfer of any of these assets.

53. The Debtor provided construction services to clients, and 78 Contractors provides the exact same services, and to some of the same clients.

54. According to statements made under penalty of perjury, both the Debtor and 78 Contractors were, or are still, 100% owned by Aaron Ochoa. To the extent that he is not the 100% owner of 78 Contractors, he is certainly an officer of 78 Contractors and was instrumental in the transfer of assets and contracts from the Debtor to 78 Contractors.

55. Aaron Ochoa and 78 Contractors sought to shift any valuable assets (including intellectual property and other intangible assets) away from the Debtor and leave all debt in the corporate shell of the Debtor, in an attempt to hinder, delay, and defraud the Debtor's creditors, namely the Kohrnaks.

56. Given that 78 Contractors is nothing more than a mere continuation and alter ego of the Debtor, the Trustee requests that the court enter a judgment against 78 Contractors in the full amount of the indebtedness owed by the Debtor, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action.

WHEREFORE, the Trustee requests that the Court enter a judgment:

A. Granting the Trustee a monetary judgment against Defendants Aaron Ochoa and 78 Contractors, LLC in an amount to be proven at trial;

B. Avoiding the pre-petition preferential transfers to Defendant Aaron Ochoa pursuant to 11 U.S.C. § 547 and awarding judgment in favor of the Trustee in the amount of $419,126.03 on account of such preferential transfers;

C. Avoiding the pre-petition fraudulent transfers to Defendant Aaron Ochoa pursuant to 11 U.S.C. § 544(b) and T.C.A. §§ 66-3-101 *et seq.* and 66-3-301 *et seq.* and awarding judgment in favor of the Trustee in the amount of $419,126.03 on account of such fraudulent transfers;

D. Avoiding the pre-petition fraudulent transfers to Defendant Aaron Ochoa pursuant to 11 U.S.C. §§ 548, 550 and 551 and awarding judgment in favor of the Trustee in the amount of $419,126.03 on account of such fraudulent transfers;

E. Avoiding the unauthorized post-petition transfers to Defendant Aaron Ochoa pursuant to 11 U.S.C. § 549 and awarding judgment in favor of the Trustee in the amount of $36,222.60 on account of such transfers;

F. Finding that 78 Contractors, LLC is a mere continuation of the Debtor and, as such, is liable for all debts owed by the Debtor, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action, pursuant to Tennessee state law on successor liability;

G. Granting pre- and post-judgment interest, attorneys fees, and the costs of this action as appropriate; and

H. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Counsel to Jeanne Ann Burton, Trustee

**EXHIBIT 1**

| Date | Transferee | Description | Amount | Bank |
|---|---|---|---|---|
| 1/14/22 | Aaron Ochoa | Check 6847 | $1,605.82 | Pinnacle |
| 1/14/22 | Aaron Ochoa | Check 6848 | $653.33 | Pinnacle |
| 1/18/22 | Aaron Ochoa | Paypal | $913.43 | Pinnacle |
| 1/20/22 | Aaron Ochoa | Check 6865 | $2,435.01 | Pinnacle |
| 1/21/22 | Aaron Ochoa | Paypal | $920.47 | Pinnacle |
| 1/31/22 | Aaron Ochoa | Paypal | $875.80 | Pinnacle |
| 2/1/22 | Aaron Ochoa | Paypal | $125.00 | Pinnacle |
| 2/4/22 | Aaron Ochoa | Check 6886 | $1,754.16 | Pinnacle |
| 2/4/22 | Aaron Ochoa | Check 6887 | $2,009.18 | Pinnacle |
| 2/7/22 | Aaron Ochoa | Paypal | $786.80 | Pinnacle |
| 2/11/22 | Aaron Ochoa | Check 6888 | $2,018.35 | Pinnacle |
| 2/14/22 | Aaron Ochoa | Paypal | $923.35 | Pinnacle |
| 2/18/22 | Aaron Ochoa | Check 6873 | $2,006.66 | Pinnacle |
| 2/22/22 | Aaron Ochoa | Paypal | $956.20 | Pinnacle |
| 2/25/22 | Aaron Ochoa | Check 5777 | $1,759.14 | Pinnacle |
| 2/28/22 | Aaron Ochoa | Paypal | $949.75 | Pinnacle |
| 3/3/22 | Aaron Ochoa | Check 6903 | $1,076.67 | Pinnacle |
| 3/7/22 | Aaron Ochoa | Paypal | $957.85 | Pinnacle |
| 3/11/22 | Aaron Ochoa | Check 6909 | $1,769.16 | Pinnacle |
| 3/14/22 | Aaron Ochoa | Paypal | $125.00 | Pinnacle |
| 3/14/22 | Aaron Ochoa | Paypal | $1,000.14 | Pinnacle |
| 3/18/22 | Aaron Ochoa | Check 5782 | $2,014.00 | Pinnacle |
| 3/21/22 | Aaron Ochoa | Paypal | $893.45 | Pinnacle |
| 3/21/22 | Aaron Ochoa | Paypal | $940.00 | Pinnacle |
| 3/25/22 | Aaron Ochoa | Check 5783 | $1,715.80 | Pinnacle |
| 3/28/22 | Aaron Ochoa | Paypal | $125.00 | Pinnacle |
| 3/28/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 3/31/22 | Aaron Ochoa | Check 6928 | $1,205.00 | Pinnacle |
| 4/4/22 | Aaron Ochoa | Paypal | $630.00 | Pinnacle |
| 4/7/22 | Aaron Ochoa | Check 5797 | $2,309.98 | Pinnacle |
| 4/11/22 | Aaron Ochoa | Paypal | $125.00 | Pinnacle |
| 4/11/22 | Aaron Ochoa | Paypal | $760.05 | Pinnacle |
| 4/14/22 | Aaron Ochoa | Check 5798 | $2,160.00 | Pinnacle |
| 4/18/22 | Aaron Ochoa | Paypal | $811.71 | Pinnacle |
| 4/19/22 | Aaron Ochoa | Paypal | $125.00 | Pinnacle |
| 4/20/22 | Aaron Ochoa | Check 5799 | $1,309.16 | Pinnacle |
| 4/21/22 | Aaron Ochoa | Paypal | $636.30 | Pinnacle |

| Date | Name | Method | Amount | Bank |
|---|---|---|---|---|
| 4/26/22 | Aaron Ochoa | Paypal | $125.00 | Pinnacle |
| 4/28/22 | Aaron Ochoa | Check 5786 | $2,351.00 | Pinnacle |
| 4/29/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 4/29/22 | Aaron Ochoa | Paypal | $844.56 | Pinnacle |
| 5/4/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 5/6/22 | Aaron Ochoa | Check 5787 | $3,098.00 | Pinnacle |
| 5/9/22 | Aaron Ochoa | Paypal | $450.00 | Pinnacle |
| 5/9/22 | Aaron Ochoa | Paypal | $820.80 | Pinnacle |
| 5/12/22 | Aaron Ochoa | Check 5788 | $3,576.30 | Pinnacle |
| 5/16/22 | Aaron Ochoa | Paypal | $825.75 | Pinnacle |
| 5/19/22 | Aaron Ochoa | Check 1023 | $3,456.93 | Truist |
| 5/20/22 | Aaron Ochoa | Check 1022 | $5,000.00 | Truist |
| 5/24/22 | Aaron Ochoa | Paypal | $819.90 | Pinnacle |
| 5/26/22 | Aaron Ochoa | Check 1029 | $3,325.67 | Truist |
| 6/1/22 | Aaron Ochoa | Paypal | $737.55 | Pinnacle |
| 6/2/22 | Aaron Ochoa | Check 1033 | $3,039.84 | Truist |
| 6/6/22 | Aaron Ochoa | Paypal | $100.00 | Pinnacle |
| 6/6/22 | Aaron Ochoa | Paypal | $878.94 | Pinnacle |
| 6/10/22 | Aaron Ochoa | Check 5790 | $3,140.23 | Pinnacle |
| 6/14/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 6/14/22 | Aaron Ochoa | Paypal | $648.00 | Pinnacle |
| 6/16/22 | Aaron Ochoa | Check 5796 | $3,420.10 | Pinnacle |
| 6/23/22 | Aaron Ochoa | Check 101 | $3,203.93 | Truist |
| 6/29/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 6/30/22 | Aaron Ochoa | Check 5791 | $3,430.14 | Pinnacle |
| 7/1/22 | Aaron Ochoa | Paypal | $821.34 | Pinnacle |
| 7/7/22 | Aaron Ochoa | Check 1064 | $4,962.88 | Truist |
| 7/14/22 | Aaron Ochoa | Check 1073 | $4,409.14 | Truist |
| 7/18/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 7/21/22 | Aaron Ochoa | Check 1074 | $3,023.80 | Truist |
| 7/25/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 7/29/22 | Aaron Ochoa | Check 102 | $3,100.70 | Truist |
| 8/2/22 | Aaron Ochoa | Check 104 | $1,304.57 | Truist |
| 8/11/22 | Aaron Ochoa | Check 105 | $2,807.69 | Truist |
| 8/12/22 | Aaron Ochoa | Paypal | $5,096.05 | Truist |
| 8/18/22 | Aaron Ochoa | Check 106 | $2,374.24 | Truist |
| 8/25/22 | Aaron Ochoa | Check 107 | $2,584.67 | Truist |
| 8/25/22 | Aaron Ochoa | Check 1105 | $5,000.00 | Truist |
| 9/2/22 | Aaron Ochoa | Check 108 | $3,573.73 | Truist |
| 9/8/22 | Aaron Ochoa | Check 1114 | $2,671.40 | Truist |

| Date | Name | Type | Amount | Bank |
|---|---|---|---|---|
| 9/15/22 | Aaron Ochoa | Check 109 | $3,635.83 | Truist |
| 9/22/22 | Aaron Ochoa | Check 110 | $3,352.24 | Truist |
| 9/29/22 | Aaron Ochoa | Check 111 | $2,750.81 | Truist |
| 10/7/22 | Aaron Ochoa | Check 112 | $2,950.34 | Truist |
| 10/14/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 10/14/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 10/14/22 | Aaron Ochoa | Check 1138 | $3,406.50 | Truist |
| 10/20/22 | Aaron Ochoa | Check 113 | $2,327.41 | Truist |
| 10/27/22 | Aaron Ochoa | Check 115 | $1,995.01 | Truist |
| 10/28/22 | Aaron Ochoa | Paypal | $50.00 | Pinnacle |
| 10/28/22 | Aaron Ochoa | Paypal | $893.61 | Pinnacle |
| 10/31/22 | Aaron Ochoa | Check 5792 | $1,100.00 | Pinnacle |
| 11/3/22 | Aaron Ochoa | Check 114 | $1,907.00 | Truist |
| 11/4/22 | Aaron Ochoa | Paypal | $872.91 | Pinnacle |
| 11/10/22 | Aaron Ochoa | Check 117 | $1,720.00 | Truist |
| 11/17/22 | Aaron Ochoa | Check 118 | $2,864.00 | Truist |
| 11/22/22 | Aaron Ochoa | Check 121 | $1,793.00 | Truist |
| 12/1/22 | Aaron Ochoa | Check 122 | $1,128.00 | Truist |
| 12/8/22 | Aaron Ochoa | Check 124 | $2,924.00 | Truist |
| 12/19/22 | Aaron Ochoa | Check 1022 | $3,864.50 | First Citizens |
| 12/22/22 | Aaron Ochoa | Check 1055 | $3,916.00 | First Citizens |
| 12/30/22 | Aaron Ochoa | Check 1056 | $1,939.50 | First Citizens |
| 1/10/23 | Aaron Ochoa | Withdrawal | $31,984.84 | First Citizens |
| | | | **$204,230.07** | |

## *EXHIBIT 2*

| Date | Transferee | Description | Amount | Bank |
|---|---|---|---|---|
| 2/23/22 | Ochoa Brothers | Check 5776 | $5,000.00 | Pinnacle |
| 3/9/22 | Ochoa Brothers | Check 5780 | $5,000.00 | Pinnacle |
| 4/20/22 | Ochoa Brothers | Check 6941 | $2,700.00 | Pinnacle |
| 6/29/22 | Ochoa Brothers | Check 1015 | $87,436.95 | First Citizens |
| 7/22/22 | Ochoa Brothers | Check 1016 | $2,824.01 | First Citizens |
| 7/26/22 | Ochoa Brothers | Check 1017 | $48,957.11 | First Citizens |
| 8/26/22 | Ochoa Brothers | Check 1018 | $20,526.33 | First Citizens |
| 10/21/22 | Ochoa Brothers | Check 1019 | $35,319.04 | First Citizens |
| 12/7/22 | Ochoa Brothers | Check 1021 | $7,132.52 | First Citizens |
| | | | **$214,895.96** | |